JANVIER, Judge.
Plaintiff, during the course of her employment as a quilting-machine operator by Lane Cotton Mills, struck her left knee against an uncovered electric switch box and sustained an electric shock. Claiming that, as a result, she is permanently, totally disabled and that her employer and its insurance carrier, after paying weekly compensation for three weeks, have refused to make further payments, she prays for solidary judgment against the insurer alone in the sum of $10,318.40, together with 12% penalty for wilful, arbitrary and capricious failure to make further compensation payments and for attorney’s fees in the sum of $1,000, all subject to a credit for three weeks compensation admittedly already received.
The amount claimed represents total disability for 400 weeks, based on a weekly payment of $20.80.
The defendant admitted that the accident had occurred and that weekly payments of compensation for three weeks had been paid, but averred that plaintiff had sustained no further disability and, after her discharge as able to return to work, could have done so had she been willing.
From a judgment dismissing her suit she has appealed.
The accident occurred on June 22, 19S5, and plaintiff was at once taken to the Flint-Goodrich Hospital, in New Orleans. Dr. Warren L. Rosen made a complete examination and found no external evidence of a burn and no evidence of any disability of any kind. Very exhaustive tests were made at the hospital and it was found that, except for her complaints, plaintiff had entirely recovered, and at the hospital there was found no evidence of injury.
Because of plaintiff’s continued complaints Dr. Rosen consulted Dr. Samuel Nadler, a specialist in internal medicine, and Dr. Howard Karr, a neurosurgeon. Neither of these specialists could find any evidence of injury or disability.
One physician, Dr. William R. Adams, was placed on the stand on behalf of plaintiff and he gave very lengthy testimony in words, many of which we do not understand, and, without saying exactly what was the matter with plaintiff, reached the conclusion that she could not return to work.
There was considerable lay evidence as to plaintiff’s disability, but we think that the medical testimony is overwhelmingly to the effect that plaintiff sustained no permanent injury and that, when discharged by the physicians, she could have returned to work had she been willing to do so.
The District Court, having concluded that plaintiff was entitled to no further compensation, dismissed the suit. That decision was correct.
Accordingly, the judgment appealed from is affirmed at the cost of appellant
Affirmed.